# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**FODE LAYE KOUROUMA**                                                                **PETITIONER**

**VERSUS**                                     **CIVIL ACTION NO. 5:19-cv-68-DCB-MTP**

**WARDEN OF ADAMS COUNTY C.C.**                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition [1] of Fode Laye Kourouma for Writ of Habeas Corpus. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that that the Petition be dismissed as moot.

On August 2, 2019, Kourouma filed his Petition pursuant to 28 U.S.C. § 2241, asserting that he had been detained in immigration custody in excess of six months. Petitioner argues that his extended detention violates Section 241 of the Immigration and Nationality Act and violates his substantive and procedural due process rights.[1] Petitioner seeks release from immigration custody.

On December 16, 2019, the Warden of Adams County C.C., the facility where Petitioner was housed, filed a Motion [32] to Dismiss for Mootness. Respondent argues that the Petition is moot because Petitioner was removed to Liberia on December 10, 2019. Petitioner has not responded to the Motion.

Because the only relief Petitioner seeks is his release from immigration custody, his Petition [1] became moot upon his deportation from the United States, which terminated his immigration detention. *See Ighekpe v. Sourkaris*, 2006 WL 297746, at *2 (N.D. Tex. Jan. 30, 2006) (citing *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003)); Lay *v. I.N.S.*, 2002 WL

---

[1] *See also* 8 U.S.C. § 1231.

1

32494536, at *1 (N.D. Tex. Dec. 17, 2002). The Petition no longer presents a live case or controversy for purposes of satisfying Article III, Section 2 of the United States Constitution. Therefore, it should be dismissed as moot.[2]

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion [32] to Dismiss be GRANTED and the Petition [1] be DISMISSED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[2] Petitioner also asserted that the travel document issued by the Liberian Embassy may have been fraudulent and requested authentication before he was removed. *See* [29]. This also appears to be moot because Petitioner was removed. *See* Mot. [32], Ex. A. To the extent Petitioner was attempting to challenge his removal or seek a stay of his removal, this Court has no jurisdiction over such a challenge. "[T]he REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders." *Zamarripa-Torres v. Bureau of Immigration & Customs Enf't*, 347 F. App'x 47, 48 (5th Cir. 2009) (citing *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005)). A petitioner's "sole means of obtaining judicial review" of a final order of removal is "to file a petition for review in the appropriate court of appeals." *Id*.

THIS the 2nd day of January, 2020.

s/ Michael T. Parker
United States Magistrate Judge
